IN THE UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| BRIAN D. RANDALL ) | |
| ) | |
| Plaintiffs ) | |
| ) | |
| v. ) | Case No: 13-CV-392 TCK-TLW |
| ) | |
| 1. SOUTHCREST HOSPITAL ) | |
| ITS' SUCCESSORS AND ASSIGNS ) | |
| 2. COMMUNITY HEALTH SYSTEMS ) | JURY TRIAL DEMANDED |
| 3. ARDENT HEALTH SERVICES ) | |
| Defendant | |

FIRST AMENDED COMPLAINT

Comes now the Plaintiff, and for cause of his first amended complaint against the Defendants, and alleges and states:

1. That the Plaintiff is a resident of the Northern District, and that all acts or omissions occurred therein, and that the Defendants do business in the Northern District, thus jurisdiction and venue are present.

2. That at all times material to this action, Plaintiff was an employee, and the Defendants employers as defined by federal employment law, particularly the Americans With Disabilities Act.

3. That the Plaintiff is a qualified individual with a disability, as defined by the AWDA, consisting of conditions in his arm and leg, particularly his knee, relatively permanent in nature, which impact the performance of one or more core functions of his job description, and negatively impact one or more of his major life activities, including, *inter alia*, walking, stooping, bending, lifting heavy objects, working and sleeping. Nonetheless, Plaintiff is capable of performing the core functions of his job description, with or without reasonable

accommodations.

4. Because of his disability, Plaintiff underwent surgery designed to alleviate some of his limitations and discomfort due to his disability. Upon being ready to return to work, Plaintiff requested reasonable accommodations from Defendants, verbally and in specifically in writing, on or about August 9, 2010. Rather than accommodating Plaintiff's request, and otherwise engaging in the interactive process mandated by the AWDA, Defendants relied upon a policy Defendants maintain, prohibiting *any* employee to work for Defendants, without what Defendants call an "unrestricted return to work". Although Plaintiff could have performed the core functions of the job, with or without reasonable accommodations, nonetheless, because of their "policy" mandating an unrestricted return to work, instead of giving Plaintiff a reasonable accommodation, Defendants terminated Plaintiff's employment.

5. Plaintiff alleges that the maintenance of the policy itself is a violation of the AWDA, in that it completely bypasses a case-by-case evaluation of individuals seeking to work for Defendants, without an "unrestricted return to work", regardless of the individual employee's physical ability to perform the core functions of their jobs, with or without a reasonable accommodation.

6. Further, refusing to make a reasonable accommodation for Plaintiff, per his request, choosing instead to terminate Plaintiff's employment, Defendants violated the AWDA in Plaintiff's individual case.

7. Plaintiff timely filed his charge with the EEOC, and, within the 90 days next preceding the filing of this action, received a right to sue from the EEOC.

8. Because of the violation of the AWDA by Defendants, Plaintiff is entitled to actual damages in an amount in excess of $75,000 plus attorney's fees and costs, for which Plaintiff

now prays.

9. That the acts and omissions of Defendants were wilful, wanton and malicious, entitling the Plaintiff to punitive damages in an amount in excess of $75,000 for which Plaintiff further prays. In support of his claim for punitive damages, Plaintiff alleges that the Defendants' only response to Plaintiff's request for reasonable accommodations was to advise Plaintiff, on or about August 10, 2010, that, "...To our knowledge, your condition is temporary in nature and therefore not covered by the act...". Plaintiff's condition is *anything but* temporary, and will likely last for the duration of his life.

Further, total reliance upon a blanket policy rather than the application of the process of an individual investigation of the specifics of Plaintiff's particular circumstances, Defendants violated specific and published standards of the EEOC, including, inter alia, *EEOC v. Benedictine Health Center at Innsbruck*, Case No. 12-cv-0124 (D. Minn), by refusing to implement the holdings of said case, and extant EEOC policy, during the processing of the instant case with the EEOC who was acting on behalf of the instant Plaintiff. Thus, Defendants' formulaic reliance upon their policy constitutes a wilful and malicious violation, giving Plaintiff a claim for punitive damages in an amount in excess of $75,000.

WHEREFORE Plaintiff prays for judgement in an amount in excess of $75,000 actual and in excess of $75,000 punitive, per Defendant, for costs of this action, including a reasonable attorney's fee, and all other appropriate relief at law or in equity.

Respectfully submitted,

s/ Jeff Nix
Jeff Nix
OBA 6688
406 So. Boulder, Ste 400
Tulsa, OK 74103

(918) 587 3193
Fax (918) 582 6106