**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| 1. BRIAN D. RANDELL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 13-CV-392 TCK-TLW |
| | ) | Honorable Terence Kern |
| 1. SOUTHCREST HOSPITAL | ) | |
| IT'S SUCCESSORS AND ASSIGNS | ) | |
| 2. COMMUNITY HEALTH SYSTEMS | ) | |
| 3. ARDENT HEALTH SERVICES | ) | |
| Defendants. | ) | |

## COMMUNITY HEALTH SYSTEMS PROFESSIONAL SERVICES CORPORATION'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT

COMES NOW Defendant, Community Health Systems Professional Services Corporation ("CHSPSC"), and hereby submits its Answer to Plaintiff's First Amended Complaint ("Complaint"). Plaintiff's Complaint contains numerous legal conclusions to which no response is required. Regarding the factual allegations contained in the Complaint, CHSPSC denies each and every allegation of Plaintiff's Complaint except as hereinafter specifically admitted, and further states as follows:

1. In response to Paragraph 1 of Plaintiff's Complaint, CHSPSC is without sufficient information to admit or deny the allegations regarding Plaintiff's place of residence and therefore denies the same. CHSPSC denies that it "do[es] business in the Northern District." CHSPSC is without sufficient information to respond to the remaining allegations in this paragraph and therefore denies the same.

2. In response to Paragraph 2 of Plaintiff's Complaint, CHSPSC denies that Plaintiff was an employee of CHSPSC.

3. In response to Paragraph 3 of Plaintiff's Complaint, CHSPSC denies the allegations therein.

4. In response to Paragraph 4 of Plaintiff's Complaint, CHSPSC denies the allegations therein.

5. In response to Paragraph 5 of Plaintiff's Complaint, CHSPSC denies the allegations therein.

6. In response to Paragraph 6 of Plaintiff's Complaint, CHSPSC denies the allegations therein.

7. In response to Paragraph 7 of Plaintiff's Complaint, CHSPSC is without sufficient information to admit or deny the allegations therein and therefore denies the same.

8. In response to Paragraph 8 of Plaintiff's Complaint, CHSPSC states that Plaintiff is not entitled to any damages from CHSPSC, including, but not limited to, all the relief requested in Paragraph 8.

9. In response to Paragraph 9 of Plaintiff's Complaint, CHSPSC denies the allegations therein and states that Plaintiff is not entitled to any punitive damages from CHSPSC, including, but not limited to, all the relief requested in Paragraph 9.

## AFFIRMATIVE DEFENSES

1. Subject to and without waiving the foregoing, and without accepting any burden of proof on the matter, CHSPSC states that Plaintiff's allegations fail to state a claim upon which relief may be granted.

2. Subject to and without waiving the foregoing, and without accepting any burden of proof on the matter, CHSPSC states that Plaintiff does not suffer from an ADA protected disability.

3. Subject to and without waiving the foregoing, and without accepting any burden of proof on the matter, CHSPSC states that even if Plaintiff were disabled under the ADA, he was not qualified for the position he held with SouthCrest Hospital as he could not carry out the position's essential functions.

4. Subject to and without waiving the foregoing, and without accepting any burden of proof on the matter, CHSPSC states that Plaintiff did not request accommodation for an alleged ADA-protected disability.

5. Subject to and without waiving the foregoing, and without accepting any burden of proof on the matter, CHSPSC states that Plaintiff's time off placed an undue hardship on SouthCrest Hospital.

7. Subject to and without waiving the foregoing, and without accepting any burden of proof on the matter, CHSPSC states that it fully complied with the requirements of the Americans with Disabilities Act (ADA), as amended.

8. Subject to and without waiving the foregoing, and without accepting any burden of proof on the matter, CHSPSC states that Plaintiff failed to exhaust his administrative remedies.

9. Subject to and without waiving the foregoing, and without accepting any burden of proof on the matter, CHSPSC states that Plaintiff's claims are barred by the statute of limitations.

10.	Subject to and without waiving the foregoing, and without accepting any burden of proof on the matter, CHSPSC states that the Plaintiff is not entitled to punitive damages because CHSPSC at all times acted in good faith and had reasonable grounds to believe that its acts and its policies complied with the law.

11.	Subject to and without waiving the foregoing, and without accepting any burden of proof on the matter, CHSPSC states that Plaintiff failed to mitigate his damages.

12.	Subject to and without waiving the foregoing, and without accepting any burden of proof on the matter, CHSPSC states that Plaintiff's claim is barred and/or limited by the doctrines of estoppel, laches, and waiver.

13.	Subject to and without waiving the foregoing, and without accepting any burden of proof on the matter, CHSPSC states that it was never an "employer" of Plaintiff as defined by the ADA.

**WHEREFORE**, CHSPSC respectfully requests that this action and all of Plaintiff's claims contained therein be dismissed with prejudice, that Plaintiff take nothing, and that CHSPSC be awarded its costs, expenses, attorneys' fees, and such other and further relief as this Court deems appropriate.

Respectfully submitted,

**STRECKER & ASSOCIATES, P.C.**

*s/ Jessica Ridenour*
_____
David E. Strecker, OBA #8687
Jessica C. Ridenour, OBA #20758
2150 Mid-Continent Tower
401 South Boston Avenue
Tulsa, Oklahoma 74103-4009
Telephone:     (918) 582-1716
Facsimile:     (918) 582-1780

**ATTORNEYS FOR DEFENDANT
COMMUNITY HEALTH SYSTEMS
PROFESSIONAL SERVICES CORPORATION**

5

## CERTIFICATE OF SERVICE

      I hereby certify that on December 23, 2013, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

      Jeff Nix
      406 S. Boulder, Suite 400
      Tulsa, OK 74103
      (918) 587-3193
      **ATTORNEY FOR PLAINTIFF**

      *s/ Jessica C. Ridenour*
      Jessica C. Ridenour