UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OKLAHOMA

1. Brian D. Randell,

    Plaintiff(s),

vs.  Case Number: 19-CV-392-TCK-TLW
Honorable Terrance C. Kern

1. Southcrest, LLC, et al.,

    Defendant(s).

## JOINT STATUS REPORT

Jury Demanded:    _X_ Yes    ____ No

I. Summary of Claims: This is an action for wrongful termination in violation of the Americans With Disabilities Act.

    A. Claims to be Dismissed: The claims against Ardent Health Services have previously been dismissed by Plaintiff.

II. Summary of Defenses:

1. Plaintiff's allegations fail to state a claim upon which relief may be granted.
2. Plaintiff does not suffer from an ADA-protected disability. Even if Plaintiff could show that he was disabled under the ADA, he was not qualified for the position he held as he could not carry out the position's essential functions.
3. Plaintiff did not request a reasonable accommodation for an alleged ADA-protected disability.
4. Plaintiff's alleged accommodation would have placed an undue hardship on Defendant.
5. If Plaintiff's requests for time off from work are considered a request for an accommodation, said requests were accommodated.
6. Defendants fully complied with the requirements of the American with Disabilities Act (ADA), as amended.
7. Plaintiff failed to exhaust his administrative remedies, failed to file suit within the statute of limitations, and failed to mitigate his damages.
8. Plaintiff's claim is barred and/or limited by the doctrines of estoppel, laches, and waiver.
9. Plaintiff is not entitled to punitive damages because Defendants at all times acted in good faith and had reasonable grounds to believe that their acts complied with the law.

10. Defendant states that it exercised reasonable care to prevent and to promptly correct any alleged discriminatory conduct and Plaintiff unreasonably failed to use the employer's preventative measures.

11. Plaintiff was never employed by CHSPSC.

    A. Defenses to be Abandoned:

    None.

III. Motions Pending (Include Docket Number, Description and Date at Issue): None.

IV. Stipulations:

    A. Jurisdiction Admitted: __X__Yes ___X_ No (As to CHSPSC)

    B. Venue Appropriate: __X__Yes ____ No (If no, explain.)

    C. Facts: __X___Yes ____ No

Plaintiff was employed by SouthCrest Hospital from October 12, 2009 until he tendered his resignation on September 1, 2010.

    D. Law: ____Yes __X__ No

V. Proposed Deadlines:

    A. Parties to be added by:     February 21, 2014

    B. Proposed discovery cutoff date (4 months of discovery unless extended by the court for good cause):
    June 23, 2014

Defendant requests 6 months of discovery because (1) SouthCrest Hospital ceased operations in September 2011 and was bought by Ardent Health Systems. As such, relevant witnesses and documents will likely take additional time to locate; (2) this case will involve subpoenas to medical facilities for records 4-5 years old, which will likely take additional time to locate as well.

    C. Fact witness lists to be exchanged by:     March 21, 2014
    D. Proposed Date for Expert Reports by Plaintiff and Defendant:
    April 7, 2014

VI. Fed. R. Civ. P. 26(f) Discovery Plan

    A. Should any changes be made to the timing, form or requirements for disclosures under Rule 26(a)?

____Yes       __X__ No

        If yes, please explain:

   B.   When were or will initial disclosures under Rule 26(a)(1) be made?
           February 5, 2014

        Note that pursuant to Rule 26(a)(1), initial disclosures must be made within 14
        days after you confer for the purpose of preparing this discovery plan.  All parties
        are under an affirmative duty to (i) comply with the mandatory disclosure
        requirements, and (ii) notify the Court of any non-disclosure so that the issue can
        be promptly referred to a Magistrate Judge for resolution.  Failure of any party to
        disclose information or failure of any party to bring disclosure issues to the
        Court's prohibiting the use of that information at trial, pursuant to Rule 37(c)(1).

   C.   Should discovery be conducted in phases and/or should discovery be limited at
        this time to particular subject matters or issues?
                                                                  ____Yes       __X__ No

   D.   Should any changes be made in the limitations on discovery imposed by the
        Federal Rules of Civil Procedure or the Court's local rules?

                                                                  ____Yes       __X__ No

   E.   Proposed Number of fact and expert depositions:

        1.   To be allowed for Plaintiff?              _____10_____

        2.   To be allowed for Defendant?              _____10_____

   F.   Is there a need for any other special discovery management orders by the Court?

                                                      ____ Yes    __X__ No

        If yes, please explain:

   G.   The parties are directed to Guidelines for Discovery of Electronically Stored
        Information on the public website at www.oknd.uscourts.gov for advise on the
        production of electronic information.

VII.  Are Dispositive Motions Anticipated?        __X__ Yes       ____ No
      If yes, describe them.

      Defendants anticipate filing Motions for Summary Judgment as to Plaintiff's claims.

VIII. Do All Parties Consent to Trial before the Assigned Magistrate Judge?

        ____ Yes  __X__ No

If yes, please email a proposed Trial Consent to the Clerk via the designated mailbox at CM-ECFIntake_OKND@oknd.uscourts.gov and indicate the month and year in which trial by the Magistrate Judge is Requested. Please do not file proposed documents as an attachment to a document. (Refer to section XIV of the CM/ECF Administrative Guide of Policies and Procedures for further instruction regarding proposed documents.)

IX. Is there any matter that should be referred to the assigned Magistrate Judge for final disposition upon partial consent of all the parties pursuant to Local Rule 73.1?

        ____ Yes  __X__ No

If yes, please email a completed, proposed Partial Consent form to the Clerk via the designated mailbox at CM-ECFIntake_OKND@oknd.uscourts.gov. Please do not file proposed documents as an attachment to a document. (Refer to section XIV of the CM/ECF Administrative Guide of Policies and Procedures for further instruction regarding proposed documents.)

X. Settlement Plan  (Check one)

  __X__ Settlement Conference Requested after:  _____ Discovery Cutoff (Plaintiff)
                        Dispositive Motions (Defendant)

  Describe settlement judge expertise required, if any: _____ Employment Law

  ____ Private Mediation Scheduled in (date):  _____

  ____ Other ADR
    (Explain)

  ____ ADR is not appropriate in this case
    (Explain)

  Has a copy of the Court's ADR booklet been provided to clients as required?

    Plaintiffs:  __X__ Yes  ____ No

    Defendants:  __X__ Yes  ____ No

XI. Does this case warrant special case management?  ____ Yes  __X__ No
  If yes, explain why.

XII. Do the parties request that the Court hold a scheduling conference? ____ Yes  _X___ No

If a conference is not requested, or ordered by the Court, the Court will, after receiving this report, issue a scheduling order based on the information contained in this report.

XIII.    Estimated trial time:    3 to 5 days

Read and Approved by:  (Add additional lines or pages as needed)

<u>s/Jeff Nix</u>
Jeff Nix OBA #6688
406 So. Boulder, Ste 400
Tulsa, OK 74103
Tele: (918) 587-3193
Fax: (918) 582-6106
Attorney for Plaintiff

AND


<u>/s/ Jessica C. Ridenour</u>
Jessica C. Ridenour, OBA #20758
David E. Strecker, OBA 8687
STRECKER & ASSOCIATES, P.C.
2150 Mid-Continent Tower
401 South Boston Avenue
Tulsa, OK  74103-4009
Telephone:  (918) 582-1716
Facsimile:  (918) 582-1780
*Attorneys for Defendants*